UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**SAM LOPEZ**, individually,

              **Plaintiff,**

v.

**MEJALONA INC. d/b/a SUNSET DINER,** a New York for Profit entity, **and 593 MEEKER AVE LLC**, a New York for Profit entity,

              **Defendants.**
_____

Case No. _____

# COMPLAINT

Plaintiff, SAM LOPEZ, individually, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations, and governing legal authorities, hereby files the instant Complaint against Defendants MEJALONA INC. d/b/a SUNSET DINER and 593 MEEKER AVE LLC for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

## Jurisdictional Allegations

1.     This is an action for injunctive relief for violations of the Americans with Disabilities Act (hereinafter "ADA") entitling Plaintiff to attorneys' fees,

1

litigation expenses and costs expended in pursuing this action in accordance with 28 U.S.C. § 12181 *et seq.*

2. Defendant MEJALONA INC. d/b/a SUNSET DINER (hereinafter "SUNSET DINER") is the operator of a restaurant establishment, which establishment is defined as a "place of public accommodation." *See* 28 CFR 36.201(a).

3. Said establishment is located at 593 Meeker Avenue in Brooklyn, New York in Kings County. Defendant 593 MEEKER AVE LLC is one of the documented owner of the Property.

4. Plaintiff SAM LOPEZ (hereinafter "LOPEZ" or "Plaintiff LOPEZ") is a forty eight (48) year old young man living in Brooklyn, New York, is sui juris, and qualifies as an individual with a disability as defined by the ADA.

5. While residing in Puerto Rico with his family as a child Plaintiff LOPEZ was involved in a terrible accident. At the time of his disability Plaintiff LOPEZ was only ten (10) years old. Plaintiff LOPEZ suffered life threatening injuries including having broken his back.

6. Plaintiff LOPEZ had continued medical complications following his accident.

7. At the age of twelve (12) Shriners International in cooperation with Shriners Hospitals volunteered to assist in providing Plaintiff LOPEZ medical care. Shriners financed Plaintiff LOPEZ's trip to the United States as well as his medical treatment.

8. Once in the United States Plaintiff had an operation for a bilateral hip disarticulation resulting in the removal of his hips and permanent paralysis. Plaintiff LOPEZ is now a paraplegic.

9. This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

10. Venue properly lies in the Eastern District of New York as it is the federal judicial district where the property is located on which the violative establishment is conducting business.

### ADA: Lack of Reasonable Accommodations at Sunset Diner

11. The ADA prohibits discrimination on the basis of disability by guaranteeing reasonable accommodations are provided for individuals with disabilities. As the owner of the Property and as an operator of a "place of public accommodation," Defendants are jointly responsible for ensuring compliance with the ADA and the 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (hereinafter referred to collectively as the "2010 Standards" or "Accessibility Standards").

12. Plaintiff LOPEZ commutes principally using the MTA/New York City Transit Bus System although he travels to many places locally using only his wheelchair. However, Plaintiff LOPEZ receives assistance from his sister, who lives and works nearby in Brooklyn at the District Attorneys' Office.

13. Defendants have and are continuing to discriminate against Plaintiff and other similarly situated disabled individuals by failing to provide accessible facilities on or before January 26, 1992[1] in violation of the ADA.

14. More specifically, Plaintiff is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and Plaintiff is further deterred and discouraged from additional travel due to Defendant ongoing non-compliance with the ADA.

15. For example, Plaintiff LOPEZ cannot enter the premises without assistance from an able-bodied friend due to the change in elevation and lack of assistance and accommodations for individuals in wheelchairs.

16. A preliminary inspection of SUNSET DINER discloses that the following barriers to access exist thus effectively discriminating against Plaintiff as a disabled individual:

---

[1] A "place of public accommodation" having ten (10) or fewer employees **and** gross receipts totaling five hundred thousand dollars or less ($500,000.00) shall have until January 26, 1993 to ensure compliance with the ADA.

    i. inaccessible path of travel leading to entrance as existing step at path of travel leading to entrance acts as a barrier to accessibility without required ramp;

    ii. inaccessible entrance doors as existing rise in floor level at threshold of the first of two entrance doors acts as a barrier to accessibility without required ramp;

    iii. required minimum maneuvering clearance not provided at first of two entrance doors in series;

    iv. existing rise in floor level at threshold of the second of two entrance doors acts as a barrier to accessibility;

    v. required minimum maneuvering clearance not provided in vestibule at second of two entrance doors in series;

       inaccessible dining tables as required minimum clear floor space allowing a forward approach not provided at dining tables;

    vi. required minimum knee and toe clearance not provided at dining tables;

    vii. percentage of existing dining tables required to be accessible not provided;

    viii. inaccessible dining counter as required minimum clear floor space allowing a forward approach not provided at dining counter;

    ix. required minimum knee and toe clearance not provided at dining counter;

    x. height of dining counter exceeds maximum height allowance without accessible portion;

    xi. inaccessible path of travel leading to restroom as required minimum clear width not provided at door opening of corridor door leading to restroom;

xii.  non-compliant door knob at corridor door requires twisting of the wrist;

xiii.  required minimum maneuvering clearance not provided in corridor at corridor door;

xiv.  inaccessible restroom as rise in floor level at restroom door acts as a barrier to accessibility;

xv.  required ramp not provided for rise in floor level at restroom door making restroom inaccessible;

xvi.  required minimum clear width not provided at restroom door opening;

xvii.  non-compliant door knob at restroom door requires twisting of the wrist;

xviii.  restroom door swings into the floor space of lavatory and water closet;

xix.  inaccessible light switch, mirror and paper towel dispenser in restroom as mounted heights exceed maximum height allowance;

xx.  required minimum turning space not provided in restroom;

xxi.  inaccessible lavatory as required minimum clear floor space not provided at lavatory;

xxii.  insulation of pipes under lavatory not provided as required;

xxiii.  inaccessible water closet as required minimum clear floor space not provided at water closet;

xxiv.  required grab bars not provided at side and rear walls of water closet;

xxv.  non-compliant distance of water closet from side wall;

    xxvi.        inaccessible toilet paper dispenser as positioned improper distance from water closet;

    xxvii.       failure to maintain accessible features and failing to adhere to policies, practices and procedures to ensure that the goods and services being offered, as well as the facilities themselves, are accessible to people with disabilities;

17. The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of Defendants' place of public accommodation in order to identify, photograph and measure all of the barriers to access that constitute discriminatory acts in violation of the ADA.

18. Notice to Defendants prior to initiating suit is not mandated by the ADA. All other conditions precedent to filing suit are satisfied or are waived by Defendants. Defendants' violations of the ADA have been ongoing despite the ADA mandating compliance by no later than January 26, 1992 (or January 26, 1993).

**Injunctive Relief Is Necessary to Prevent Future Discrimination**

19. Plaintiff frequently visits the area where Defendant-Operator's business is located. Plaintiff visited SUNSET DINER and has suffered discrimination on the basis of his disability.

20. Plaintiff plans on returning to SUNSET DINER to avail himself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

21. The present violations at Defendants' facility create a hazard to Plaintiff's safety. The violations also infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation as a result of Defendant' discriminatory practices or non-compliant facilities.

22. As the violations at Defendants' facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed violations exist. Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

**COUNT I: INJUNCTIVE RELIEF (AGAINST SUNSET DINER)**

23. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 22 above as if set forth specifically herein.

24. Defendant SUNSET DINER operates a place of public accommodation with discriminatory conditions in violation of Plaintiff's rights pursuant to the ADA on Defendant 593 MEEKER AVE LLC's Property.

25. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendants' establishment and facilities as a result of the ADA violations set forth herein in paragraph 16 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*.

26. Defendant continues to discriminate against Plaintiff and those similarly situated by failing to make reasonable modifications in policies, practices and/or procedures when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages and/or accommodations to individuals with disabilities; and by failing to take such steps or efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

27. Plaintiff is suffering true and actual harm by Defendant SUNSET DINER operating a place of public accommodation. Defendants' discriminatory practices create the potential for and/or cause Plaintiff physical harm and they contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

28. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein. Plaintiff is without any adequate remedy and law.

29. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

30. This tribunal is vested with authority to grant Plaintiff Injunctive Relief pursuant to 42 USC § 12188 for Defendants' ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendant cure all ADA violations impeding disabled individuals from exercising their equal rights in accordance with the ADA.

    **WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    a. Injunctive relief against Defendant, including: an order to make all readily achievable alterations to the facility or to make the facility readily accessible to and usable by individuals with

disabilities to the extent mandated by the ADA; to require Defendant to make reasonable modifications in policies, practices and/or procedures when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, and; by failing to cure their ADA violations Defendant is failing to take the steps necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

b. award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

c. any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

## COUNT II: INJUNCTIVE RELIEF (AGAINST 593 MEEKER AVE LLC)

31. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 22 above as if set forth specifically herein.

32. Defendant 593 MEEKER AVE LLC owns commercial real property on which it is permitting Defendant SUNSET DINER to operate a place of public

accommodation with discriminatory conditions in violation of Plaintiff's rights pursuant to the ADA.

33. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's building, property, and facilities as a result of the ADA violations set forth herein in paragraph 16 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*

34. Defendant continues to discriminate against Plaintiff and those similarly situated by failing to make reasonable modifications in the physical structure so as to permit compliance with Title III of the ADA.

35. Structural modifications are necessary to eliminate architectural barriers set forth herein, which are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

36. Permitting a place of public accommodation to operate in violation of the ADA is causing Plaintiff to suffer true and actual harm. The architectural barriers create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

37. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein. Plaintiff is without any adequate remedy and law.

38. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

39. This tribunal is vested with authority to grant Plaintiff Injunctive Relief pursuant to 42 USC § 12188 for Defendants' ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendant cures all ADA violations impeding disabled individuals from exercising their equal rights in accordance with the ADA.

    **WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    a. Injunctive relief against Defendant, including: an order to make all readily achievable alterations to the facility or to make the facility readily accessible to and usable by individuals with disabilities to the extent mandated by the ADA; by failing to cure

        the ADA violations Defendant is failing to take the steps necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

  b.    award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

  c.    any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

## COUNT III: DECLARATORY JUDGMENT AS TO VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

40. Title III of the Americans with Disabilities Act mandates that all places of public accommodation must provide any person with a disability equal access to the goods and services being offered to non-disabled individuals.

41. At the time Plaintiff LOPEZ visited Defendant SUNSET DINER establishment, Plaintiff could not reasonably access the goods and services otherwise available to able bodied individuals due to architectural barriers and other ADA violations (*see* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*) set forth herein in paragraph 16.

42. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA. Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

43. At the time Plaintiff visited Defendants' property Defendant was in violation of Title III of the ADA and had denied Plaintiff reasonable access to the good and/or services being offered on their premises causing Plaintiff to retain the undersigned law firm.

44. As a result of Defendants continuously violating of Title III of the ADA Plaintiff RIBEIRO has and is suffering actual harm in the form of personal injury, humiliation including a sense of isolation and segregation, all of which are depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

45. A declaration that Defendants are in violation of the ADA at the time Plaintiff suffered real and actual harm is necessary to ensure Plaintiff is compensated for the attorneys' fees expended to obtain Defendant(s) compliance with the law.

**WHEREFORE**, Plaintiff prays for and respectfully requests a Court order declaring that Defendant, at the time Plaintiff visited Defendants' property, were in violation of Title III of the ADA, 42 USC § 12181 *et seq.;* and, that as a result of architectural barriers, Plaintiff has been denied access to the goods and/or services offered on the subject property thereby discriminating against Plaintiff as an individual with a disability.

Respectfully submitted on September 30, 2015.

**By: /s/ Tara Demetriades**
Tara Demetriades, Esq.
New York Bar No. 4185666

**ADA Accessibility Associates**
1076 Wolver Hollow Road
Oyster Bay, New York 11771
E: TDemetriades@Aol.com
T: (516) 595-5009